[Cite as *Capital One Bank (USA) N.A. v. Ryan*, 2014-Ohio-3932.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Capital One Bank (USA) N.A., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-102 |
| v. | : | (M.C. No. 2013CVF-1810) |
| James M. Ryan, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 11, 2014

*Javitch, Block & Rathbone, LLC, Stephanie F. Gilley, Mark Brncik* and *James Y. Oh,* for appellee.

*James M. Ryan, Jr.,* pro se.

APPEAL from the Franklin County Municipal Court

CONNOR, J.

{¶ 1} Defendant-appellant, James M. Ryan, Jr., appeals from a judgment of the Franklin County Municipal Court granting the Civ.R. 56 motion for summary judgment filed by plaintiff-appellee, Capital One Bank (USA), N.A. ("Capital One"). Because there are no genuine issues of material fact and Capital One is entitled to judgment as a matter of law, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Capital One filed a complaint against Ryan on January 16, 2013, alleging that Ryan owed Capital One $3,949.94 on a credit card account debt. Capital One alleged that Ryan had defaulted on his repayment obligation, and that upon demand, Ryan had failed to liquidate the balance due and owing.

{¶ 3}  Capital One attached a credit card statement to the complaint. The credit card statement covered the period from May to August 2012, and indicated that the account was past due and that the outstanding balance on the account was $3,949.94. The credit card statement instructed Ryan to make his checks payable to Capital One, and the return address on the statement listed Capital One's name and address. The statement also informed Ryan that his "account is being serviced by Capital One Services, LLC unless you've been notified otherwise." (Complaint, exhibit A2.)

{¶ 4}  Ryan filed a Civ.R. 12(B)(6) motion to dismiss the complaint on April 3, 2013. Ryan noted that although Capital One was the plaintiff, the credit card statement attached to the complaint referenced Capital One Services, LLC. Ryan thus asserted that Capital One was not the real party in interest and did not have standing to bring the action. Ryan further alleged that Capital One violated Civ.R. 10(D) by failing to attach a copy of the account to the complaint. Capital One responded to the motion to dismiss on April 15, 2013, noting that it was the real party in interest as it had issued the credit card to Ryan and had never assigned the account to another party. Capital One noted that Capital One Services, LLC was merely the servicing agent for Capital One.

{¶ 5}  On June 11, 2013, the trial court filed an entry stating that it would treat Ryan's motion to dismiss as a Civ.R. 12(E) motion for a more definite statement. The trial court noted that Capital One had attached a credit card statement reflecting the account number and the balance due to the complaint, and denied the motion for a more definite statement. On September 17, 2013, the trial court scheduled the case for an October 31, 2013 pretrial.

{¶ 6}  On October 31, 2013, Ryan filed a motion for leave to file a motion for summary judgment and a motion for summary judgment. Ryan asserted in the motion for summary judgment that Capital One had "not established any verification that Capital One Bank (USA), N.A. was the <u>original</u> alleged lender or owner of the financial obligation instrument that it alleges in its Complaint that Defendant Ryan entered into as an alleged contract." (Emphasis sic.) (Motion for summary judgment, 3.) On November 15, 2013, Capital One filed a memorandum in opposition to Ryan's motion for summary judgment, noting that "there [was] no allegation of assignment in Plaintiff's complaint because there has been no assignment." (Plaintiff's Memorandum in Opposition, 3.)

{¶ 7} On November 15, 2013, Capital One filed a motion for leave of court to file a cross-motion for summary judgment instanter ("motion for leave"). The motion for leave noted that a "copy of the Cross-Motion for Summary Judgment is attached hereto and made a part hereof as if fully rewritten herein. Should the Court grant this Motion for Leave, Plaintiff respectfully requests the Court deem the Cross-Motion for Summary Judgment filed upon such date as the Motion for Leave is granted." (Motion for Leave, 1.) The motion for leave does not contain a certificate of service indicating that it was served on Ryan. On November 21, 2013, the trial court filed an order granting Capital One's motion for leave. Accordingly, Capital One's cross-motion for summary judgment was deemed filed on November 21, 2013.

{¶ 8} In the cross-motion for summary judgment, Capital One noted that the parties had entered into an agreement for the extension of credit in the form of a Capital One Visa Platinum credit card account, account number xxxx-xxxx-xxxx-1642. Capital One noted that Ryan thereafter received an extension of credit and "used the credit card and accumulated a balance that remains due and owing." (Cross-Motion for Summary Judgment, 4.)

{¶ 9} Capital One supported its cross-motion for summary judgment with the affidavit of Barbara S. Edwards. Edwards averred that she was an "employee of Capital One Services, LLC (COSLLC), an agent and affiliate of Plaintiff Capital One Bank, (USA) N.A. (Capital One)." (Edwards Affidavit, ¶ 1.) Edwards explained that "COSLLC provides services to Capital One in connection with its credit card and related banking practices" and that her "job responsibilities as Litigation Support Representative provided [her] with access to all relevant systems and documents of Capital One needed to validate the below information." (Edwards' Affidavit, ¶ 1.) Edwards noted that the business records demonstrated that Ryan's credit card account had a balance of $3,949.94, that Capital One had demanded payment, but that no part of the balance had been paid. Edwards' affidavit incorporated by reference a copy of a customer agreement and one years worth of credit card statements.

{¶ 10} On November 25, 2013, Ryan filed a motion to strike plaintiff's cross-motion for summary judgment because Capital One failed to serve the motion for leave on Ryan. On December 4, 2013, Ryan filed a motion to vacate the trial court's order granting

the motion for leave because Capital One had failed to attach a proof of service to the motion for leave. Ryan thus asserted that, pursuant to Civ.R. 5(B)(3), the trial court could not consider the motion for leave. Ryan attached his own affidavit to the motion to vacate, averring that he did not receive service of the motion for leave but "[o]n November 25, 2013 [he] personally visited the Clerk of the Franklin County Municipal Court, Franklin County Ohio and obtained a Certified copy of Plaintiff's Motion For Leave." (Ryan's Affidavit, ¶ 3.)

{¶ 11} Ryan filed a motion for an enlargement of time to file a memorandum in opposition to plaintiff's cross-motion for summary judgment on December 5, 2013. On December 20, 2013, Ryan filed another motion for an enlargement of time to file a memorandum in opposition to the cross-motion for summary judgment. Ryan asserted that he should not have to bear the expense of responding to the cross-motion for summary judgment until the trial court ruled on his motion to strike and motion to vacate.

{¶ 12} On February 4, 2014, the trial court filed an entry granting Capital One's cross-motion for summary judgment and denying Ryan's motion for summary judgment, motion to strike, and motion to vacate. Regarding Ryan's contention that Capital One was not the real party in interest, the trial court noted that "Capital One Bank is the Plaintiff and the issuer of this card." (Entry, 2.) The trial court further noted that Capital One had attached to its cross-motion for summary judgment credit card statements for the account from May 2011 to May 2012, with a final statement sent in August 2012, depicting charges and credits on the account. The trial court observed that Ryan "had ample time to file a response" to the cross-motion for summary judgment, but "instead has chosen to file frivolous motions with the court." (Entry, 3.) The trial court found no genuine issues of material fact, and entered judgment for Capital One in the amount of $3,949.94 plus costs and interest at the rate of three percent.

## II. ASSIGNMENTS OF ERROR

{¶ 13} Defendant appeals, assigning the following errors:

> [I.] The Trial Court committed reversible error pursuant to Ohio Rule of Civil Procedure 5(B)3 disregarding the fact that Capital One never served on Appellant its purported Plaintiff's

Motion For Leave of Court to File Cross-Motion For Summary Judgment *INSTANTER* (R@16); and Capital One failed to attach proof of service endorsed thereon or separately filed; and the Trial Court lacked jurisdiction to consider Capital One's purported Plaintiff's Motion For Leave of Court to File Cross-Motion For Summary Judgment *INSTANTER*(R@16).

[II.] The Trial Court committed reversible error pursuant to Ohio Rule of Civil Procedure 56(A) disregarding the requirement that if the action has been set for pre-trial or trial, a motion for summary judgment may be made only with leave of court; and as the Trial Court lacked jurisdiction and could not consider Capital One's alleged Plaintiff's Motion For Leave of Court to File Cross-Motion For Summary Judgment *INSTANTER* (R@16) that violated Civ. R. 5(B) 3 and Civil R. 5(B)(2) and was never served on Appellant; Capital One failed to obtain leave of court to file its <u>PROPOSED</u> Plaintiff's Cross-Motion For Summary Judgment (*with tendered INSTANTER entry*) (R@16).

[III.] The Trial Court committed reversible error disregarding the response time created by the Ohio Rules of Civil Procedure to provide Appellant fourteen (14) days period of time for a reply to Capital One's alleged Motion For Leave of Court to File Plaintiff's <u>PROPOSED</u> Cross-Motion For Summary Judgment *INSTANTER* (R@16) thereby denying Appellant's fundamental substantive and/or procedural due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and similar due process rights guaranteed by Article 1, Section 16 of the Ohio Constitution.

[IV.] The Trial Court committed reversible error disregarding the fact that Capital One failed to serve on Appellant, Plaintiff's Cross-Motion For Summary Judgment (with tendered *INSTANTER* entry) (R@18) that should be dated 11/19/2013, the date Plaintiff's Cross-Motion for Summary Judgment was "accepted as filed upon the date the Trial Court's Order was granted" on 11/19/2013 and filed on 11/21/2013 (R@17).

[V.] The Trial Court committed reversible error failing to hold Oral or Non Oral hearing according to Rule thereby denying Appellant's fundamental substantive and/or procedural due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and similar due process rights guaranteed by Article 1, Section 16 of the Ohio Constitution.

[VI.] The Trial Court committed reversible error issuing a Judgment Entry (R@37) in favor of Capital One in the amount of $3,949.94 plus costs and interest at the rate of 3% as Capital One failed to prove "a provable [alleged] sum" of $3,402.35 failing to provide any evidence in the form of proof of any alleged debits or alleged credits that total $3,402.35 as an [alleged] beginning balance and Capital One did not allege a breach of contract claim in its Complaint (R@1).

[VII.] The Trial Court committed reversible error by failing to strike the Affidavit of Barbara S. Edwards, Capital One's Exhibit '1 of Plaintiff's Cross-Motion For Summary Judgment (with tendered *INSTANTER* entry) (R@18) when presented with the contradictory written testimony evidence of Affiant, Barbara S. Edwards and Ms. Audra Funk, Esq. as to the true employee keeper of the records status of Affiant, Barbara S. Edwards on October 3, 2013, the date that Ms. Edwards attested; and genuine issues as to material fact were timely before the Trial Court pursuant to Civ. R. 56(C).

[VIII.] Plaintiff's Cross-Motion For Summary Judgment (with tendered *INSTANTER* entry) (R@18) was against the manifest weight of the evidence in violation of Article IV, Section 3 of the Ohio Constitution.

[IX.] The Trial Court erred in making its comment in its Judgment Entry (R@37) that Appellant "chose to file frivolous motions with the Court" the result of which is an unfounded inferring that Appellant engaged in conduct pursuant to ORC 2323.51 which Appellant did not and strongly denies.

[X.] The Trial Court erred by granting Plaintiff's Cross-Motion For Summary Judgment (with tendered *INSTANTER* entry) (R@18) because Capital One failed to establish a *prima facie* case for an action upon an account based on contract and the Trial Court's Judgment Entry (R@37) failed to address genuine issues of material fact.

{¶ 14} For ease of discussion, we address Ryan's assignments of error out of order.

## III. STANDARD OF REVIEW

{¶ 15} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a

trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Bank Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). We must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 16} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 17} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). A moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. *Id.* If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

## IV. FOURTH AND FIFTH ASSIGNMENTS OF ERROR – SERVICE OF CROSS MOTION FOR SUMMARY JUDGMENT

{¶ 18} Ryan's fourth assignment of error asserts the trial court committed reversible error by disregarding the fact that Capital One failed to serve the cross-motion for summary judgment on Ryan. Ryan's fifth assignment of error asserts the trial court

committed reversible error by failing to hold a hearing on the cross-motion for summary judgment.

{¶ 19} Ryan notes that the trial court granted Capital One's motion for leave on November 21, 2013. The cross-motion for summary judgment was accordingly deemed filed on that day. Ryan states that he "acknowledged receiving Capital One PROADATEID Plaintiff's Cross-Motion For Summary Judgment (*with tendered INSTANTER entry*) dated 11/15/2013," but states that he "was never served with Capital One's Cross-Motion for Summary Judgment." (Appellant's brief, 27.)

{¶ 20} Although Ryan refers to a "proposed" cross-motion for summary judgment, there is no such document in the record. The record contains the motion for leave, the order granting the motion, and the cross-motion for summary judgment. To the extent Ryan's reference to a "proposed" cross-motion for summary judgment is meant to indicate that Capital One had to refile the cross-motion for summary judgment after the trial court granted Capital One's motion for leave, we note that "a trial court is within its discretion to consider a pleading that is properly attached to a motion for leave to file instanter." *Lee v. Norton*, 8th Dist. No. 88347, 2007-Ohio-534, ¶ 9.

{¶ 21} The cross-motion for summary judgment contains a certificate of service indicating that the motion was served on Ryan at the same address to which the complaint was served, via regular U.S. mail on November 15, 2013. When the record reflects that the Civil Rules pertaining to service have been followed, there is a presumption of proper service. *Potter v. Troy*, 78 Ohio App.3d 372, 377 (2d Dist.1992). "In the absence of evidence to the contrary, the address used by a plaintiff in a complaint will be assumed to be an address where it is reasonable to anticipate that service will be delivered to the defendant." *In re Estate of Popp*, 94 Ohio App.3d 640, 650 (8th Dist.1994). Civ.R. 5(B)(2)(c) provides that service by mail is deemed completed once the clerk has mailed the document. The certificate of service on the cross-motion for summary judgment demonstrates that service was completed in accordance with Civ.R. 5. Accordingly, we may presume that the cross-motion for summary judgment was properly served on Ryan.

{¶ 22} Under his fifth assignment of error, Ryan asserts that the trial court "failed to hold an oral hearing" on the cross-motion for summary judgment. (Appellant's brief, 31.) Loc.R. 3.04(3) of the Franklin County Municipal Court provides as follows:

> All motions for summary judgment filed pursuant to Civil Rule 56 are hereby set for non-oral hearing on the fifteenth day following service of the motion upon the responding party. The adverse party shall serve and file opposing affidavits and memorandum prior to the day set for non-oral hearing. An oral hearing on a motion for summary judgment shall not be held or scheduled unless counsel so requests in accordance with paragraph (1) of this rule, or unless the judge assigned to the case so requires.

{¶ 23} Capital One did not request an oral hearing on the cross-motion for summary judgment, and the judge did not require it. Accordingly, the trial court was not required to hold an oral hearing on the cross-motion for summary judgment. Ryan's response to the cross-motion for summary judgment was due 14 days following service of the motion. Civ.R. 56(C); Loc.R. 3.04(1) (noting that "[a]ll parties wishing to respond in writing to a motion shall do so not later than the fourteenth day following service of the motion upon the responding party"); *Hooten v. Safe Auto Ins. Co.,* 100 Ohio St.3d 8, 2003-Ohio-4829, syllabus (noting that a court need not notify the parties of the date of consideration of a motion for summary judgment if the court's local rules provide sufficient notice of the hearing date). Although the motion was served on Ryan on November 15, 2013, it was not deemed filed until November 21, 2013. Ryan thus had 14 days from November 21, 2013 to file a response to the cross-motion for summary judgment. Ryan never filed a response to the cross-motion.

{¶ 24} Ryan asserts, in the alternative, that at a January 27, 2013 hearing, the trial court "altered the response time created by the Ohio Rules of Civil Procedure to provide Appellant fourteen (14) days period of time for a reply to Plaintiff's Cross-Motion For Summary Judgment * * * by stating that he * * * *would be deciding the motions.*" (Emphasis sic.) (Appellant's brief, 32.) By January 27, 2014, Ryan's 14-day response period had already expired. Regardless, the trial court did not grant Ryan extra time to respond to the cross-motion for summary judgment. At the January 2014 hearing, the trial court noted that it had several of Ryan's motions pending before the

trial court. The trial court asked Ryan if there were any other motions which he intended to file, stating "[l]et's get it today, so I've got them all and I can deal with them, because I have to deal with them first before we can start this trial, and there are quite a few." (Tr. 5-6.) The trial court did not indicate that it was providing Ryan with additional time to respond to the cross-motion for summary judgment.

{¶ 25} Based on the foregoing, Ryan's fourth and fifth assignments of error are overruled.

## V. FIRST, SECOND, AND THIRD ASSIGNMENTS OF ERROR – MOTION FOR LEAVE

{¶ 26} Ryan's first assignment of error asserts that the trial court erred by considering Capital One's motion for leave, as the motion did not contain proof of service as required by Civ.R. 5(B)(3). Ryan's second assignment of error asserts that, because the motion for leave was not served on Ryan, Capital One failed to obtain leave of court to file its cross-motion for summary judgment. Ryan's third assignment of error asserts that the trial court committed reversible error because it did not provide Ryan with 14 days to respond to the motion for leave.

{¶ 27} When a case "has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Civ.R. 56(A) and (B). When Capital One sought to file its cross-motion for summary judgment on November 15, 2013, the case had already been set for pretrial and trial. Accordingly, Capital One had to obtain leave of court to file the cross-motion for summary judgment.

{¶ 28} As Ryan asserts, there is no proof of service attached to the motion for leave. Civ.R. 5(A) states that "every written motion other than one which may be heard ex parte * * * shall be served upon each of the parties." Civ.R. 5(B)(3) provides that a "served document shall be accompanied by a completed proof of service which shall state the date and manner of service * * *. Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." *See also Nosal v. Szabo*, 8th Dist. No. 83974, 2004-Ohio-4076, ¶ 21 (noting that "[u]nlike the instances where an opposing party has the burden to prove that it did not receive service of a filing even though there was a properly signed proof of service, where there is no proof of service wither attached

to the filing or separately filed with the trial court, the trial court simply may not consider the filing").

{¶ 29} For the reasons that follow, however, we find the trial court's consideration of the motion for leave to be harmless error. In a civil action, "[n]o error in * * * any ruling or order or in anything done * * * by the court * * * is grounds for * * * disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." Civ.R. 61. "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Id. See also Grenga v. Smith*, 11th Dist. No. 2001-T-0040 (Mar. 15, 2002) (noting that while a party "may have technically violated Civ.R. 5(A), appellants have not demonstrated how the failure to serve his motion upon the remaining appellees prejudiced them" and concluding that any error in service "was harmless").

{¶ 30} The granting of leave to file an untimely motion for summary judgment is discretionary with the trial court. *Brinkman v. Toledo*, 81 Ohio App.3d 429, 432 (6th Dist.1992); *City Loan & Sav. Co. v. Howard*, 16 Ohio App.3d 185, 189 (2d Dist.1984). Accordingly, "a trial court's decision to grant leave to file will not be reversed absent an abuse of discretion." *Boyle v. City of Portsmith*, 4th Dist. No. 99CA669 (Mar. 31, 2001). *See also Paramount Supply Co. v. Sherlin Corp.*, 16 Ohio App.3d 176, 180 (8th Dist.1984) (noting that the party complaining about a court's decision to grant another party leave must demonstrate prejudice).

{¶ 31} A trial court may, "in exercise of its sound discretion, consider a motion for summary judgment which has been filed, without express leave of court, after the action has been set for pretrial or trial." *Indermill v. United States*, 5 Ohio App.3d 243 (9th Dist.1982), paragraph one of the syllabus. This is so because "[l]eave of court may be express or implied by the action of the court." *Coney v. Youngstown Metro. Hous. Auth.*, 7th Dist. No. 00-C.A.-251, 2002-Ohio-4371, ¶ 42. " '[W]here the acceptance of a motion occurs by the grace of the court, the decision to accept is by itself leave of court.' " *Meyer v. Wabash Alloys, L.L.C.*, 8th Dist. No. 80884, 2003-Ohio-4400, ¶ 16, quoting *Lachman v. Wiermarschen*, 1st Dist. No. C-020208, 2002-Ohio-6656. By "addressing [a] motion for summary judgment [filed out of rule and without leave of court], the trial court implicitly grant[s] leave to * * * file it." *Smith v. Cincinnati Gas & Elec. Co.*, 75 Ohio

App.3d 567, 572 (1st Dist.2000); *Meyer* at ¶ 16 (when the court "acknowledged their motion [for summary judgment filed without leave] and set a hearing date" the court "showed that retroactive leave to file was granted"); *Juergens v. Stang, Klkubnik and Assoc., Inc.*, 96 Ohio App.3d 223, 234 (1994) (noting that "[t]he acceptance of the motion [for leave to file a motion for summary judgment] by the court after the case has been set for pretrial is in itself by leave of court albeit without the formal writing saying 'I seek the leave of court' "); *St. Paul Fire & Marine Ins. Co. v. Corwin*, 6th Dist. No. WD-00-058 (May 18, 2001) (the trial court "impliedly granted Marx and Corwin leave to file their motion for summary judgment when it considered and ruled on the motion").

{¶ 32} Because the trial court could have implicitly granted Capital One leave to file the cross-motion for summary judgment by simply accepting and acknowledging the cross-motion, the trial court's order expressly granting the motion for leave filed without proof of service amounts to harmless error. Moreover, Ryan fails to demonstrate how the trial court's decision to grant the motion for leave prejudiced his case. After the trial court granted Capital One's motion for leave and the cross-motion for summary judgment was deemed filed, the trial court provided Ryan with well over 14 days to respond to the cross-motion. As the trial court provided Ryan with a full and fair opportunity to respond to the cross-motion for summary judgment, the trial court's decision to grant Capital One leave to file the cross-motion did not prejudice Ryan's case or impair his substantial rights in any way. *Compare Boyle* (noting that "[b]y allowing the appellee to file a late motion for summary judgment and ruling on it before the deadline for filing a memorandum in opposition to the motion, the trial court failed to allow appellants to properly prepare a response" and thus abused its discretion); *Duren v. Americare Columbus Nursing Ctr.*, 10th Dist. No. 89AP-688 (June 28, 1990) (finding reversible error where the trial court simultaneously granted a party leave to file a motion for summary judgment and ruled on the motion for summary judgment); *Capital One Bank v. Toney*, 7th Dist. No. 06 JE 28, 2007-Ohio-1571, ¶ 50 (noting that "a mere four days after granting leave to seek summary judgment instanter, the trial court entered summary judgment without waiting for a response," thereby "violat[ing] Civ.R. 56(C), which requires the court provide the non-movant at least fourteen days to respond and file opposing affidavits"); *Cooper v. Valvoline Instant Oil Change*, 10th Dist. No. 07AP-392, 2007-Ohio-5930, ¶ 10 (noting

that as "Valvoline filed its motion for summary judgment [out of rule and without leave of court] two months prior to the scheduled trial date" and Cooper had "ample time to respond to Valvoline's arguments in support of its motion for summary judgment," the "[t]he record [was] devoid of any indication that the trial court's allowance of Valvoline's motion for summary judgment prejudiced Cooper's case"); *Coney* at ¶ 44. Although the trial court provided Ryan with ample time to do so, Ryan chose not to respond to the cross-motion.

{¶ 33} As Ryan's substantial rights were not affected by the trial court's order granting the motion for leave which lacked proof of service, the trial court's consideration of the motion for leave amounts to harmless error. We further find that the trial court did not abuse its discretion in awarding Capital One leave to file the cross-motion for summary judgment.

{¶ 34} Based on the foregoing, Ryan's first, second, and third assignments of error are overruled.

## VI. SIXTH, EIGHTH, AND TENTH ASSIGNMENTS OF ERROR – SUMMARY JUDGMENT PROPERLY AWARDED ON AN ACCOUNT

{¶ 35} Ryan's sixth assignment of error asserts that the trial court erred in entering summary judgment in Capital One's favor, as Capital One failed to establish a provable sum for the beginning balance on the credit card account. Ryan's eighth assignment of error asserts that the cross-motion for summary judgment was against the manifest weight of the evidence. Ryan's tenth assignment of error asserts that Capital One failed to establish a prima facie case for an action based on an account.

{¶ 36} In general, "[a]n action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid." *Dept. Stores Natl. Bank v. McGee*, 7th Dist. No. 12 MA 103, 2013-Ohio-894, ¶ 16. Actions seeking to collect on a credit card balance "constitute actions 'on an account.' " *Id.*, quoting *Toney* at ¶ 34. "The purpose of an action on an account is 'to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action.' " *Citibank v. Lesnick*, 11th Dist. No. 2005-L-103, 2006-Ohio-1448, ¶ 8, quoting *Am. Sec. Serv., Inc. v. Baumann*, 32 Ohio App.2d 237, 242 (10th Dist.1972).

{¶ 37} In order to adequately plead and prove an account, the " 'account must show the name of the party charged.' " *Asset Acceptance Corp. v. Proctor,* 156 Ohio App.3d 60, 2004-Ohio-623, ¶ 12 (4th Dist.), quoting *Brown v. Columbus Stamping & Mfg. Co.,* 9 Ohio App.2d 123, 126 (10th Dist.1967). Although "[i]t begins with a balance preferably at zero, or with a sum recited that can qualify as an account stated," the balance "at least * * * should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear." *Brown.* A summary "is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due." *Id.* To constitute an account, "it is not necessary that every transaction that has transpired between the parties be included during the entire existence of their business relationship." *Wolf Automotive v. Rally Auto Parts, Inc.,* 95 Ohio App.3d 130, 134 (10th Dist.1994). *See Am. Express Travel Related Servs. v. Silverman,* 10th Dist. No. 06AP338, 2006-Ohio-6374, ¶ 9-10 (concluding 4 years worth of credit card statements and copy of the cardmember agreement constituted sufficient evidence of an account, as requiring American Express to produce 30 years worth of statements constituted "an unreasonable burden").

{¶ 38} " 'An account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated.' " *Creditrust Corp. v. Richard,* 2d Dist. No. 99-CA-94 (July 7, 2000), quoting 1 Ohio Jurisprudence 3d, Accounts and Accounting, Section 27, at 204 (1998). It is "the duty of the one to whom the account is thus rendered to examine the same within a reasonable time and object if he or she disputes its correctness." *Id.* (concluding the plaintiff pled a proper account, even though the credit card statement attached to the complaint showed no debits or credits, where the debtor did not timely object to the final balance within 60 days after receiving the statement, as the cardholder agreement required).

{¶ 39} The credit card statements attached to Capital One's cross-motion for summary judgment begin with a statement reflecting a due date of June 12, 2011, and a balance on the account of $3,463.60. The statement shows the previous balance was $3,402.35, and that Ryan charged $96.35 in goods and services over the statement period, previously paid $70.00 on the account, and incurred $34.90 in interest charges.

Following the June 2011 statement, the monthly statements continue, reflecting five months worth of purchases and payments. Thereafter, the statements reflect that Ryan stopped making any payments on the account but continued to incur late fees. The last statement reflects that the account was past due for the period from May 16 to August 15, 2012, and reflects a balance of $3,949.94.

{¶ 40} Every credit card statement Ryan received informed Ryan that, if he saw an error on his statement, he was obligated to "contact us [Capital One] within 60 days after the error appeared on your statement. You must notify us of any potential errors in <u>writing</u>." (Edwards' Affidavit, exhibit A2.) Ryan failed to submit any evidence demonstrating that he, at any time, objected to the $3,463.60 balance in June 2011. After the June 2011 statement, the statements reflect that defendant continued to incur expenses and make payments on the account, thereby indicating his assent to the $3,463.60 balance as an account stated. *See Crown Asset Mgt., L.L.C. v. Gaul,* 4th Dist. No. 08CA30, 2009-Ohio-2167, ¶ 10, fn. 1 (determining that a party's assent to an account stated may be express or "implied when an account is rendered by the creditor to the debtor and the debtor fails to object within a reasonable amount of time").

{¶ 41} The trial court properly concluded that the credit card statements, spanning over one year, qualified as an account. The documents reflect defendant's name, the last four digits of the account number, the name of the credit card (Visa Platinum), a sum recited to which defendant did not object, and itemized debits and credits which permit calculation of the final amount due. We agree with the trial court that the materials submitted by Capital One in support of its cross-motion for summary judgment were sufficient to establish a prima facie case for money owed on an account. *See Citibank, N.A. v. Katz*, 8th Dist. No. 98753, 2013-Ohio-1041, ¶ 12.

{¶ 42} In his tenth assignment of error, Ryan asserts that that the "Record lacks a copy of any alleged agreement clearly between Appellant and the Capital One Bank" and contends that "[a] party cannot prevail on its claims without proving the existence of an agreement." (Appellant's brief, 48.) This court has stated that "credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493 (10th Dist.1989). Capital One issued the credit card to Ryan, and Ryan thereafter used the

credit card to purchase goods and services, thereby creating a contract. *See Calvary SPV I, L.L.C. v. Furtado*, 10th Dist. No. 05AP-361, 2005-Ohio-6884, ¶ 18 (concluding that although the "cardholder agreement [did] not bear defendant's signature, the bank's issuance of the card and defendant's use of the card create[d] a binding contract").

{¶ 43} Moreover, Capital One attached an unsigned copy of a customer agreement to Edwards' affidavit. The customer agreement states "[w]elcome to Capital One," and informs Ryan that the terms " 'we' 'us,' and 'our' " in the customer agreement "means Capital One Bank." (Edwards' Affidavit, exhibit A1.) Through the agreement, Ryan "promise[d] to pay [Capital One] * * * for all amounts due resulting from the authorized use of your card or account" and informed Ryan that the payments he "mail[ed] to [Capital One] at the address for payment stated on your periodic statement will be credited to your account." (Edwards' Affidavit, exhibit A1.) All of the credit card statements attached to the cross-motion for summary judgment instructed Ryan to make his checks payable to Capital One, and the return address on the statements listed Capital One's name and address.

{¶ 44} Under his eighth assignment of error, Ryan asserts that the trial court erred in granting the cross-motion for summary judgment because it "is unclear from the Record that the alleged account set out in the Complaint * * * is and always has been owned by Capital One Bank, (USA) N.A." (Appellant's brief, 40.) Capital One issued the credit card to Ryan, and Ryan never presented evidence to establish that Capital One assigned the account to another party. Ryan has "argued that Capital One Services LLC, not Plaintiff, is the only entity referenced on the alleged agreement form Plaintiff attached as Exhibit 'A3' to its Complaint." (Appellant's brief, 40.) The credit card statements expressly informed Ryan that his "account is being serviced by Capital One Services, LLC." (Complaint, exhibit A3.) Edwards explained in her affidavit that Capital One Services, LLC was an agent of Capital One. The record thus demonstrates that Capital One Services, LLC merely serviced Ryan's account as an agent of Capital One. There is no evidence indicating that Capital One assigned Ryan's account to another party. Accordingly, Ryan failed to present evidence which would establish a genuine issue of material fact regarding Capital One's ownership of the credit card account.

{¶ 45} Based on the foregoing, Ryan's sixth, eighth, and tenth assignments of error are overruled.

## VII. SEVENTH ASSIGNMENT OF ERROR – EDWARDS' AFFIDAVIT

{¶ 46} Ryan's seventh assignment of error asserts that the trial court erred by failing to strike Edwards' affidavit. Although Ryan filed a motion to strike the cross-motion for summary judgment based on Capital One's failure to serve the motion for leave on Ryan, Ryan never filed a motion asking the trial court to strike Edwards' affidavit. It is well-settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal. *Gentile v. Ristas,* 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 74 (10th Dist.). Therefore, we conclude that Ryan has waived this issue by failing to raise it before the trial court, and that he may not raise it for the first time on appeal. Accordingly, Ryan's seventh assignment of error is overruled.

## VIII. NINTH ASSIGNMENT OF ERROR – "FRIVOLOUS MOTIONS"

{¶ 47} Ryan's ninth assignment of error asserts that the trial court erred by noting in its judgment entry that, instead of responding to the cross-motion for summary judgment, Ryan "chose to file frivolous motions with the court." (Entry, 3.) Ryan asserts that the trial court's comment indicates that the trial court believed that Ryan had engaged in frivolous conduct under R.C. 2323.51. However, as Capital One did not file a R.C. 2323.51 motion for an award of costs and fees, and as neither Capital One nor the trial court sought to impose Civ.R. 11 sanctions on Ryan, we fail to see how the court's characterization of Ryan's motions as frivolous prejudiced Ryan's case. Accordingly, Ryan's ninth assignment of error is overruled.

## IX. DISPOSITION

{¶ 48} Having overruled Ryan's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

―――――――――――――