[Cite as *Midland Credit Mgt., Inc. v. Naber*, 2024-Ohio-1028.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MIDLAND CREDIT MANAGEMENT, INC., | : | APPEAL NO. C-230413<br>TRIAL NO. A-2203628 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| GERALD A. NABER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: March 20, 2024

*Gerald A. Naber*, pro se.

**ZAYAS, Judge.**

**{¶1}** In this pro se appeal, we are presented with the question of whether summary judgment was appropriate in an action on an account stated. Plaintiff-appellee Midland Credit Management, Inc., ("Midland") filed the action seeking to recover an outstanding credit-card balance assertedly owed by defendant-appellant Gerald A. Naber. The trial court ultimately granted summary judgment in favor of Midland in the amount of $32,856.68. Naber now appeals from the trial court's judgment, arguing that summary judgment in Midland's favor was not appropriate. For the reasons that follow, we affirm the judgment of the trial court.

## I. Factual and Procedural History

**{¶2}** Midland filed a complaint against Naber stating that it was suing Naber "under Account Stated." The complaint avers that Naber established an account with Capital One Bank (USA), N.A., ("Capital One") ending in 8498, and was provided statements delineating his use of the account and stating the current balance due. The complaint further avers that Naber defaulted on the account, and that an account balance was sent to Naber and not paid. Lastly, the complaint avers that Midland acquired the rights to the account and that Naber owes $32,856.68 on the account. Naber answered the complaint, generally denying all allegations and asserting various defenses, including a defense that Midland did not correctly state the amount owed.

**{¶3}** Midland subsequently moved for summary judgment on the claim. The motion argued that Capital One extended a line of credit to Naber pursuant to the agreement between them and Naber breached the agreement by failing to make the payments due on the account. Midland asserted that the balance due on the account, which it now owned, was $32,856.68. Midland supported its motion with (1) 12 account statements, covering the period from June 12, 2018, to June 11, 2019, and (2)

an affidavit from a purported legal specialist, Rebecca Wallin, who avers in the affidavit that she has access to and has reviewed the pertinent account records for Midland and is competent to testify and make the statements in her affidavit based on personal knowledge of the account records maintained by Midland, Midland is the current owner of the Capital One account ending in 8498, and Naber owes a balance of $32,856.68 on the account.

{¶4} Naber responded in opposition to summary judgment. He first argued generally that the evidence in support of summary judgment was insufficient. He further claimed no evidentiary support for Wallin's assertion that she was a "legal specialist" as Wallin failed to provide any background on her qualifications and/or experience that would qualify her as a legal specialist. Naber did not argue nor submit any evidence to dispute the amount assertedly owed on the account.

{¶5} The trial court ultimately granted Midland's motion for summary judgment, finding the motion to be well-taken, and entered judgment in favor of Midland in the amount of $32,856.68. Naber now appeals. In three assignments of error, he argues that the trial court erred in granting summary judgment in Midland's favor because it did so without holding a case-management conference and without considering his response in opposition to summary judgment, and because summary judgment was inappropriate as a matter of law.

## II. Law and Analysis

### A. Standard of Review

{¶6} To obtain summary judgment, the moving party must show that (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion when reviewing the evidence in favor of the

nonmoving party, and that conclusion is adverse to the nonmoving party. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The moving party has the initial burden of informing the trial court of the basis for the party's motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 294 (1996). If the moving party meets this initial burden, the nonmoving party then bears the burden of setting forth "specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). If the nonmoving party does not do so, then summary judgment is appropriate and must be entered against the nonmoving party. *Id.* This court reviews a trial court's grant of summary judgment de novo. *Mid-Century Ins. Co. v. Stites*, 1st Dist. Hamilton No. C-200421, 2021-Ohio-3839, ¶ 10.

**B. Summary Judgment was Properly Granted in Midland's Favor**

**{¶7}** In his first assignment of error, Naber argues that the trial court erred as a matter of law when it granted summary judgment in Midland's favor. In support of this argument, he first asserts that the trial court should not have considered Wallin's affidavit.

**{¶8}** For an affidavit to be used in support of summary judgment, the affidavit "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). "Where an affiant avers that he or she has personal knowledge of a transaction, 'this fact cannot be disputed absent evidence to the contrary.' " *Wells Fargo Bank v. Sowell*, 2015-Ohio-5134, 53 N.E.3d 969, ¶ 17 (8th Dist.), citing *Household Realty Corp. v. Henes*, 8th Dist. Cuyahoga No. 89516, 2007-Ohio-5846, ¶ 12.

{¶9}  In her affidavit, Wallin avers that she has access to the pertinent account records for Midland, she is competent to testify and make the statements in her affidavit based on personal knowledge of the account records maintained by Midland, Midland is the current owner of Naber's Capital One account ending in 8498, she has reviewed the records pertaining to the account ending in 8498, and Naber owes a balance of $32,856.68 on the account as of August 31, 2022.  She also discussed generally what records Midland acquires upon the purchase of an account and how those records are then maintained and supplemented, post-purchase, during Midland's ordinary course of business and collection efforts.

{¶10}  The facts alleged in the affidavit are sufficient to support a reasonable inference that Wallin is making the averments based on personal knowledge and is competent to testify as to the matters asserted.  *See Discover Bank v. Combs*, 4th Dist. Pickaway No. 11CA25, 2012-Ohio-3150, ¶ 14 (holding that an affiant established personal knowledge and competency where the affiant stated that she had access to the account records and personally inspected the records).  Naber did not present any evidence in response to the summary-judgment motion to dispute the assertions in the affidavit.  Therefore, Naber failed to show that the trial court erred in considering Wallin's affidavit.  *See Wells Fargo Bank, N.A. v. Braunskill*, 1st Dist. Hamilton No. C-140014, 2015-Ohio-273, ¶ 37 ("If [the nonmovant] wished to contend that [an affiant] lacked the requisite personal knowledge, she [or he] had a duty to submit an opposing affidavit setting forth the appropriate conflicting facts.").

{¶11}  Naber next argues that the trial court should not have considered the credit-card statements as they were not properly authenticated.  However, the record does not indicate that Naber ever objected to the trial court's consideration of the credit-card statements below.  This court has held in a similar situation that the failure

to object in the trial court results in a waiver of the argument on appeal. *Midland Funding LLC v. Farrell*, 1st Dist. Hamilton No. C-120674, 2013-Ohio-5509, ¶ 9 (refusing to recognize the failure to properly authenticate account statements and a bill of sale as plain error on appeal). Therefore, Naber has waived this argument for purposes of appeal.

**{¶12}** Naber finally argues that the evidence was insufficient to prove the money owed on the account as Midland did not provide an executed agreement nor any evidence showing a beginning credit-account balance, a list of charges to the account, or any means to ascertain the balance due.

**{¶13}** An action to collect on a credit-card balance constitutes an action on an account. *Capital One Bank (USA) N.A. v. Ryan*, 10th Dist. Franklin No. 14AP-102, 2014-Ohio-3932, ¶ 36. " '[A]n action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid.' " *Id.* " 'The purpose of an action on an account is "to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action." ' " *Id.*, quoting *Citibank v. Lesnick*, 11th Dist. Lake No. 2005-L-103, 2006-Ohio-1448, ¶ 8.

**{¶14}** In other words, it "is 'a pleading device "used to consolidate several claims which one party has against another." ' " *Capital One Bank (U.S.A.), N.A. v. McCladdie*, 8th Dist. Cuyahoga No. 111289, 2022-Ohio-4082, ¶ 20. "It ' "simplifies pleadings by allowing a party to advance, as one claim, claims for separate breaches of contract based on a series of transactions by providing a summary of accounting for the transactions." ' " *Id.* "A party must show '(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant and (4) resulting damages

6

to the plaintiff.' " *Id.* at ¶ 21, citing *Garfield Estates, L.L.C. v. Whittington*, 2021-Ohio-211, 167 N.E.3d 113, ¶ 20 (8th Dist.).

{**¶15**} However, an action to collect on a credit-card account does not require a signed written agreement. *Id.* at ¶ 19. This is because " 'the credit card relationship is an offer by the issuer for a series of unilateral contracts that are actually formed when the holder uses the credit card to buy goods or services or to obtain cash.' " *Id.*, quoting *Unifund CCR, L.L.C. v. Johnson*, 8th Dist. Cuyahoga No. 100600, 2014-Ohio-4376, ¶ 11. " 'Thus, rather than needing a signed written agreement, the use of a credit card results in the person using the card being bound by the card member agreement.' " *Id.*, quoting *Johnson* at ¶ 11.

{**¶16**} "To establish a prima facie case for money owed on an account, a plaintiff must demonstrate the existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due." *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶ 6 (1st Dist.).

{**¶17**} " ' "An account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated." ' " *Ryan*, 10th Dist. Franklin No. 14AP-102, 2014-Ohio-3932, at ¶ 38, quoting *Creditrust Corp. v. Richard*, 2d Dist. Clark No. 99-CA-94, 2000 Ohio App. LEXIS 3027 (July 7, 2000). Therefore, "[i]t is 'the duty of the one to whom the account is thus rendered to examine the same

within a reasonable time and object if he or she disputes its correctness.' " *Id.*, quoting *Richard.*

{¶18} Here, the credit-card statements in the record reflect Naber's name and address and reference an account ending in 8498. The first statement shows a previous balance of $28,235.03, payments and other credits in the amount of $513.75, an interest charge in the amount of $333.15, and a new balance of $28,054.43, with a due date of August 8, 2018. The statements thereafter reflect Naber's continued use of the credit card, making payments and purchases and even obtaining a cash advance.

{¶19} Naber's continued use of the credit card subjected him to the card-member agreement. The card-member agreement in the record reflects that Naber was required to inspect each statement and notify Capital One of any errors in accordance with the "Billing Rights Summary" on each account statement. The Billing Rights Summary section on each account statement informed Naber that he was to contact Capital One within 60 days after an alleged error appeared on his account. The statements in the record do not reflect any such objection, and Naber did not present any evidence nor assertion that he, at any time, objected to any amount in the statements. Therefore, the evidence is sufficient to show Naber's assent to the initial balance on the first statement. *See Ryan* at ¶ 40; *Ohio Receivables, LLC v. Dallariva*, 10th Dist. Franklin. No. 11AP-951, 2012-Ohio-3165, ¶ 33.

{¶20} Further, each statement thereafter reflects the running and developing balance—showing adjustments for payments, other credits, transactions, a cash advance, and interest—until ultimately reaching $32,856.68, the amount reflected as due at charge-off in the final statement and the amount claimed as due in Wallin's affidavit. Therefore, the statements submitted were sufficient to show a prima facie case of the money owed on the account as Naber assented to the initial balance and

the statements show a running or developing balance thereafter which permits a proper calculation of the amount claimed as due.

{¶21} Naber failed to submit any responsive evidence to show that the established amount was incorrect for any reason. Therefore, Naber failed to meet his reciprocal burden to show that genuine issues of material fact exist as to the amount owed on the account.

{¶22} For all the foregoing reasons, we hold that summary judgment was properly granted in favor of Midland and overrule the first assignment of error.

### C. No Error in the Failure to Hold a Case-Management Conference

{¶23} Naber next argues that the trial court erred in cancelling the case-management conference several times as a case-management conference is required before a date will be set for trial unless a judge decides it is not needed, and, here, the conferences were cancelled due to the trial court's "overwhelming case load and various other schedule issues within their offices," and not because a conference was not warranted or in the best interest of a fair trial.

{¶24} However, Naber fails to point to any requirement for the trial court to hold a case-management conference prior to ruling on a dispositive motion and fails to point to any reason why he was prejudiced by the failure to hold a case-management conference prior to the court's ruling on the motion for summary judgment. *See*, *e.g.*, *Anderson v. Mitchell*, 8th Dist. Cuyahoga No. 99876, 2014-Ohio-1058, ¶ 16 (holding appellant failed to demonstrate prejudice in the trial court's failure to hold a case-management conference where there was no requirement for the trial court to hold any type of pretrial conference prior to ruling on a summary-judgment motion and appellant was afforded an opportunity to respond to the motion); *N. Frozen Foods,*

*Inc. v. Moton*, 8th Dist. Cuyahoga No. 99938, 2014-Ohio-825, ¶ 17 (holding similarly). Accordingly, we overrule the second assignment of error.

### D. No Indication that the Trial Court Did Not Consider Naber's Response

{¶25} In his third and final assignment of error, Naber appears to argue that the trial court erred by not considering his response in opposition to summary judgment. However, there is no indication in the record that the trial court failed to consider his responsive memorandum. To the extent that Naber's argument is intended to assert that the trial court erred in failing to give merit to his arguments in opposition to summary judgment, we restate our holdings under the first assignment of error as to why summary judgment was appropriately granted in Midland's favor. Because we see no indication that the trial court failed to consider Naber's responsive memorandum, we overrule the third assignment of error.

### III. Conclusion

{¶26} Having overruled the three assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**BOCK, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its own entry this date.