[Cite as *Morgan v. Jones*, 2022-Ohio-1831.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| VICTORIA MORGAN, | : | APPEAL NO. C-210408 |
| | | TRIAL NO. DR-1801556 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MARK G. JONES, | : | |
| Defendant-Appellant. | : | |

Appeal From:     Hamilton County Court of Common Pleas, Domestic Relations
                 Division

Judgment Appealed From Is:  Affirmed in Part; Appeal Dismissed in Part

Date of Judgment Entry on Appeal: June 1, 2022

*Law Office of M. Erin Wilkins, LLC,* and *M. Erin Wilkins*, for Plaintiff-Appellee,

*Mark G. Jones*, pro se.

**MYERS, Presiding Judge.**

**{¶1}** This appeal concerns the trial court's appointment of a receiver to sell the residence owned by former spouses, defendant-appellant Mark Jones and plaintiff-appellee Victoria Morgan. Jones appeals the trial court's entry granting Morgan's motion for the appointment of a receiver for the sale of the parties' residence and the trial court's entry "denying defendant's motion for a new trial/denying immediate stay of appointment of receiver/denying approval of buyout transaction." He additionally appeals the trial court's entries granting the receiver's application to sell the property, specifying the conditions for the sale of the property by the receiver, and approving further duties and authority of the receiver (collectively referred to as "the additional entries").

**{¶2}** In three assignments of error, Jones argues that the trial court erred in entering the order appointing the receiver and the subsequent entries related thereto; that the trial court erred in denying his motion for a new trial; and that the trial court erred in denying his motion for approval of a buyout transaction. Because we find that the additional entries are not final, appealable orders, we dismiss the appeal as far as it relates to these entries for lack of jurisdiction. We otherwise find Jones's assignments of error to be without merit, and we affirm the trial court's judgment.

### *Background*

**{¶3}** This is the second appeal that this court has heard concerning the sale of the parties' residence. Morgan and Jones were granted a final judgment of divorce in 2019. Incorporated into the final judgment was the parties' antenuptial agreement for the disposition of real and personal property.

{¶4} The parties owned as tenants in common a residence in Mount Adams. The final judgment of divorce required the parties to place the home for sale within 90 days of the final judgment, but allowed either party to exercise a right of first refusal to purchase the home pursuant to the terms set forth in the antenuptial agreement. In his earlier appeal, Jones challenged the ordered sale of the residence, arguing that it was contrary to the terms of the antenuptial agreement. In a judgment entry, this court found no conflict between the terms of the parties' antenuptial agreement and the judgment for divorce, and found that the trial court did not exceed its jurisdiction by ordering the sale of the property.

{¶5} In October 2020, after this court affirmed the trial court's judgment granting the divorce, Morgan filed a motion to appoint a receiver to sell the residence. The motion was denied in March 2021. Approximately one month later, on April 22, 2021, after the parties received an offer to purchase the residence, Morgan filed a motion to order Jones to accept the offer that the parties had received, or, in the alternative, to appoint a receiver. The motion also requested that the court hold an expedited hearing on the motion. The trial court held a hearing on the motion on April 28, 2021. On May 3, 2021, it issued an entry appointing a receiver to sell the parties' residence. The entry provided that "The Receiver shall have all powers necessary to conduct and carry out the sale of the residence, including but not limited to, negotiation, acceptance of a reasonable offer, entering into contract, and finalizing the sale."

{¶6} On June 1, 2021, Jones filed a motion that requested the trial court do three things: grant a new trial pursuant to Civ.R. 59 on Morgan's motion that resulted in the appointment of a receiver; grant an immediate stay of the appointment of a

receiver; and approve a buyout transaction for Jones to buy out Morgan's ownership interest in the residence. The trial court denied Jones's motion on June 29, 2021. And it issued the three additional entries shortly thereafter: on July 1, 2021, it granted the receiver's application for the authority to sell the real estate; on July 6, 2021, it issued the entry specifying the conditions for the sale of the real estate by the receiver; and on July 14, 2021, it issued the entry approving further duties and authority of the receiver.

{¶7} Jones filed a notice of appeal on July 28, 2021, stating that he was appealing from the trial court's May 3, 2021 entry appointing the receiver and the "subsequent Entries of the trial court related thereto, including Motion For a New Trial."

### *Determination of Jurisdiction*

{¶8} Before considering the merits of Jones's appeal, we must determine whether we have jurisdiction to hear the appeal. This court only has jurisdiction to review final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03. R.C. 2505.02(B) defines what constitutes a final and appealable order.

{¶9} In *Cornell v. Shain,* 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, ¶ 30, we held that an order granting the appointment of a receiver is a final, appealable order under R.C. 2505.02(B)(2). R.C. 2505.02(B)(2) provides that a final order is one that "that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." A "special proceeding" is one "that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). And a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule

4

of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). In *Cornell*, we explained that because "receivership proceedings are 'special' " and because "an order appointing a receiver affects a 'substantial right,' " an order appointing a receiver is a final and appealable order pursuant to R.C. 2505.02(B)(2). *Cornell* at ¶ 30. We accordingly find that the trial court's entry in this case appointing a receiver is a final, appealable order. And because the entry appointing the receiver was a final order, the trial court's entry denying Jones's motion for a new trial was appealable as well. *Jones v. Carpenter,* 2017-Ohio-440, 84 N.E.3d 259, ¶ 14 (10th Dist.) ("A party may only appeal a judgment denying a post-trial motion, such [as] a motion for new trial, if an underlying final, appealable order exists.").

{¶10} But we reach a different conclusion with respect to the additional entries. In *Cornell,* we held that "an interim order merely governing the receivership, though made in a special proceeding, generally does not affect a substantial right and is not immediately appealable under R.C. 2505.02(B)(2)." *Cornell* at ¶ 30. The additional entries were interim entries that set forth the receiver's duties and authority concerning the sale of the property. They contemplated further action by the receiver and did not order a final sale of the property or terminate the receivership. Because the additional entries did not affect a substantial right, we find that they are not final appealable orders pursuant to R.C. 2505.02(B)(2).[1] *Cornell* at ¶ 30; *Gemmell v. Anthony,* 4th Dist. Hocking No. 15CA16, 2015-Ohio-2550, ¶ 9-10 (holding that an entry that did not order the final disposition of assets or terminate the receivership was not a final, appealable order, and was merely an interim order governing the

---

[1] Jones does not argue that the additional entries constitute final, appealable orders under any other provision in R.C. 2505.02(B), and we do not find any of these other provisions applicable.

ongoing administration of the receivership). We consequently dismiss the appeal to the extent that it relates to these additional entries.

{¶11} We next consider whether Jones's appeal from the trial court's entry appointing the receiver was timely filed. The following dates are relevant to our determination. The trial court entered the order appointing the receiver on May 3, 2021. Jones filed the motion for a new trial on June 1, 2021. The trial court entered the order denying the motion for a new trial on June 29, 2021, and Jones filed his notice of appeal on July 28, 2021.

{¶12} App.R. 4(A)(1) provides that a party appealing from an order that is final upon its entry must file a notice of appeal within 30 days of that entry. But App.R. 4(B)(2)(b) provides that when a party timely files a Civ.R. 59 motion for a new trial, "then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving" the motion. So, pursuant to App.R. 4(B)(2)(b), if Jones's motion for a new trial was timely filed, the time to file his appeal from the order appointing the receiver did not begin to run until the trial court entered an order resolving the motion for a new trial.

{¶13} Civ.R. 59(B) provides that a motion for a new trial "must be served within twenty-eight days of the entry of judgment." As set forth above, Jones filed the motion for a new trial on June 1, 2021. The motion indicates that it was served on opposing counsel that same date. This was 29 days after the trial court issued the entry appointing the receiver on May 3, 2021. However, Civ.R. 6(A), which discusses the computation of any time period prescribed or allowed by the Ohio Rules of Civil Procedure, provides that "the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the

period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." Jones's 28-day period to serve his Civ.R. 59 motion for a new trial ended on May 31, 2021. But May 31, 2021, was Memorial Day. Because that was a legal holiday, the 28-day period ran until the end of the next day, June 1, 2021. We therefore conclude that Jones timely filed and served his motion for a new trial.

{¶14} Because the motion for a new trial was timely, App.R. 4(B)(2) applied to extend the time Jones had to appeal the trial court's entry appointing a receiver. The trial court overruled Jones's motion for a new trial on June 29, 2021, and he filed his notice of appeal on July 28, 2021, which was within 30 days of the trial court's ruling on the motion for a new trial. *See* App.R. 4(A)(1).

{¶15} Jones has therefore timely appealed the trial court's entries appointing the receiver and denying his motion for a new trial. We now turn to the merits of Jones's appeal.

### *Appointment of a Receiver*

{¶16} In his first assignment of error, Jones argues that the trial court erred in entering the order appointing the receiver and "the four subsequent Related Entries." The related entries that Jones references are the entry denying Jones's motion for a new trial/denying immediate stay of appointment of receiver/denying approval of buyout transaction, and the additional entries. For the reasons set forth above, we dismiss the appeal to the extent that it relates to the additional entries.

{¶17} Jones contends that the trial court abused its discretion by not allowing him to exercise his right to be heard and to file a memorandum in opposition to

7

Morgan's motion that resulted in the appointment of a receiver. In support, he relies on Local Rule 14(B) of the Court of Common Pleas of Hamilton County, General Division, ("Loc.R. 14(B)") which provides that any memorandum in response to a motion filed by an opposing party shall be served within 14 days. He argues that this rule was violated when the trial court held a hearing on April 28, 2021, on Morgan's motion filed April 22, 2021, without allowing Jones time to file a memorandum in opposition. He further argues that he was only given 24 hours' notice of the hearing.

{¶18} Included in Morgan's motion was a request for an expedited hearing. Local Rule 1.16 of the Court of Common Pleas of Hamilton County, Domestic Relations Division, ("Loc.R. 1.16") provides that a party may request an expedited hearing in extraordinary circumstances. Morgan's motion alleged that the parties had received an offer on the home, that this was the first offer that they had received since the home was listed in March 2020, that Jones had rejected the potential buyer's showing requests, and that Jones, at the time of the motion, had not responded to the offer. While the record contains no entry from the trial court approving Morgan's request for an expedited hearing, the hearing was held on April 28, 2021, six days after the motion was filed. And while Jones did not file a memorandum in opposition to Morgan's motion, he appeared at the hearing and defended against it. Jones cross-examined Morgan's witness and argued his position.

{¶19} We find no error in the trial court's granting of Morgan's request to hold an expedited hearing under these circumstances. The parties had received a seemingly reasonable offer on their home that had a set expiration date, necessitating the need for the hearing to occur quickly. Even if the trial court failed to strictly comply with

either Loc.R. 14(B) or Loc.R. 1.16 when granting the request for an expedited hearing, Jones suffered no resulting prejudice.

**{¶20}** "A trial court has the inherent power to control its own docket and the progress of the proceedings in its court." *Holbrook v. Holbrook*, 12th Dist. Warren No. CA2017-05-055, 2018-Ohio-2360, ¶ 17. Trial courts have great latitude in the enforcement of their own local rules, which "are of the court's own making, generally administrative in nature, designed to facilitate case management and provide guidelines for orderly case administration, and do not involve substantive principles of law or implicate constitutional rights." *Id.* For this reason, a trial court has the discretion to deviate from its own local rules based on the circumstances before it. However, if "the local rule implicates due process, and the trial court's failure to follow it deprives a party of a reasonable opportunity to defend against the disposition of the case in favor of the other party, the trial court is bound to comply with the local rule." *Id.* Where an appellant alleges that a trial court has violated a local rule, she or he has the burden to show resulting prejudice. *Id.*

**{¶21}** Here, Jones has shown no resulting prejudice. His failure to receive advance notice of the hearing and his lack of opportunity to file a memorandum in opposition to Morgan's motion did not deprive him of a reasonable opportunity to defend against the motion. Jones appeared at the hearing, argued on his own behalf, and cross-examined Morgan's witness. He did not seek leave to file a memorandum in response or to supplement any arguments he made at the hearing. We accordingly reject Jones's argument that the trial court abused its discretion by not allowing Jones to exercise his right to be heard and to file a memorandum in opposition.

9

{¶22}  Jones also argues in this assignment of error that the trial court erred in appointing a receiver because such action was barred by the doctrine of res judicata based on the previous denial of Morgan's first motion to have a receiver appointed. This situation does not implicate the principles of res judicata.  First, a trial court has the discretion to change its position or ruling on an issue.  Second, the circumstances of the case differed greatly from the time that Morgan had first requested the appointment of a receiver.  When the second motion was filed, the parties had received an actual offer on their home that, at the time of the motion, Jones had not responded to.  The trial court was well within its discretion to reconsider its earlier ruling and to determine that the circumstances warranted the appointment of a receiver.

{¶23}  Jones's first assignment of error is overruled.

### *Motion for a New Trial*

{¶24}  In his second assignment of error, Jones argues that the trial court erred in denying his motion for a new trial.

{¶25}  Motions for a new trial are governed by Civ.R. 59.  Civ.R. 59(A) sets forth various grounds that a party may assert to argue that she or he is entitled to a new trial.  It also provides that, in addition to the grounds delineated, a new trial may be granted for good cause shown at the trial court's discretion.  "The standard of review of a trial court's ruling on a Civ.R. 59(A) motion for a new trial depends on the grounds for the motion."  *Berardo v. Felderman-Swearingen*, 1st Dist. Hamilton No. C-200227, 2020-Ohio-4271, ¶ 7.

{¶26}  Here, Jones has asserted a multitude of reasons why he should have been granted a new trial, but he does not tie these reasons to any specific ground set

forth in Civ.R. 59(A). In considering Jones's arguments, we tie his reasons to the grounds set forth in Civ.R. 59(A) where possible.

**{¶27}** Jones seemingly argues that he should have been granted a new trial on the grounds set forth in Civ.R. 59(A)(1), (2), (3), and (6). We review the trial court's denial of his motion on these grounds for an abuse of discretion. *Schultz v. Mayfield Neurological Inst.*, 1st Dist. Hamilton No. C-120764, 2013-Ohio-4146, ¶ 10 (holding that we review a ruling under Civ.R. 59(A)(1) for an abuse of discretion); *Gindling v. Shiff*, 1st Dist. Hamilton No. C-100669, 2012-Ohio-764, ¶ 9 (holding that we review a ruling under Civ.R. 59(A)(2) for an abuse of discretion); *McGee v. Helmus*, 6th Dist. Erie No. E-02-026, 2004-Ohio-278, ¶ 17 (an appellate court reviews a trial court's ruling under Civ.R. 59(A)(3) for an abuse of discretion); *Berardo* at ¶ 7 (holding that we review a ruling under Civ.R. 59(A)(6) for an abuse of discretion). An abuse of discretion connotes an "unreasonable, arbitrary, or unconscionable decision." *Cornell*, 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, at ¶ 36, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶28}** Jones argues that he was entitled to a new trial on the issue of the appointment of a receiver because he was prevented from having a fair trial. *See* Civ.R. 59(A)(1). This argument is without merit. Jones appeared at the hearing on Morgan's motion, argued his position, and cross-examined Morgan's witness. He was not prevented from having a fair hearing on the issue.

**{¶29}** Jones next argues that should have been granted a new trial because of Morgan's misconduct. *See* Civ.R. 59(A)(2). He argues that Morgan inappropriately sought relief—the appointment of a receiver—that had already been denied. As discussed in response to Jones's first assignment of error, the trial court was entitled

to change its ruling on the appointment of a receiver, and Morgan's second motion requesting the appointment of a receiver was based on a set of circumstances that had not previously existed, specifically Jones's failure to respond to the offer on the parties' residence. Morgan did not commit misconduct by filing the motion that is before this court for review, and nothing in the record supports Jones's assertion that she acted with the sole purpose of harassing Jones.

**{¶30}** Jones contends that a new trial is warranted because he was surprised by Morgan's motion and the "last-minute scheduling" of the hearing. *See* Civ.R. 59(A)(3). We rejected this argument in response to Jones's first assignment of error. Jones identifies no prejudice resulting from the scheduling of the hearing. He appeared at the hearing and was not denied the opportunity to defend against Morgan's motion.

**{¶31}** Jones argues that he should be granted a new trial because the trial court's appointment of a receiver was not sustained by the weight of the evidence. *See* Civ.R. 59(A)(6). This argument is likewise without merit. The trial court presided over the hearing and was in the best position to judge the credibility of the witness, the parties, and the arguments. It was entitled to find credible Morgan's assertion that Jones had intentionally thwarted the sale of the residence and was uncooperative, and it was similarly entitled to reject Jones's argument that he had legitimate reasons for not accepting the initial offer on the home and for engaging in negotiations.

**{¶32}** Jones next argues that he was entitled to a new trial on the grounds set forth in Civ.R. 59(A)(7), that the judgment is contrary to law. We review de novo the trial court's denial of his motion on this ground. *Berardo*, 1st Dist. Hamilton No. C-200227, 2020-Ohio-4271, at ¶ 7. The trial court appointed the receiver pursuant to

R.C. 2735.01(A)(4) and (5), which provide that a receiver may be appointed after judgment "to carry the judgment into effect" and "to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment." The court appointed the receiver to effect its judgment ordering the sale of the property. On the record before us, the trial court's appointment of a receiver for the reasons in R.C. 2735.01(A)(4) and (5) was not contrary to law.

{¶33} In addition to the grounds discussed above, Jones argues that he should be granted a new trial on Morgan's motion because it was inequitable to enter the receiver order based on the reasons offered by Morgan, the appointment of the receiver was barred by the doctrine of res judicata, Morgan's motion was moot, and because there exists substantial evidence in opposition to the motion that would be presented if a new hearing were granted. For the reasons set forth above in our response to Jones's previously asserted challenges to the trial court's denial of his motion for a new trial, we find these arguments to be without merit.

{¶34} The trial court did not err in denying Jones's motion for a new trial. The second assignment of error is accordingly overruled.

### *Motion for a Buyout Transaction*

{¶35} In his third assignment of error, Jones argues that the trial court erred in denying his motion for approval of a buyout transaction.

{¶36} As we explained when discussing the procedural history of the case, in the same motion in which he requested a new trial, Jones also requested that the trial court approve a buyout transaction for Jones to buy out Morgan's ownership interest

in the residence. Jones attached to the motion a transaction statement that he had prepared concerning his buyout offer. This transaction statement assumed a gross sales price of $775,000, and took into account costs (including the mortgage) that the parties owed on the residence, as well as payments that Jones contended Morgan owed for residence expenses. At the time it was prepared, the transaction statement indicated that Morgan had a negative net equity in the residence, and therefore would owe Jones $46,154.

{¶37} In denying Jones's motion for approval of the buyout offer, the trial court stated that it "is disinclined to order one party to accept a buyout transaction where the other party is not negotiating in good faith." Jones argues that the trial court's decision deprived him of his contractual rights under section 9.5 of the parties' antenuptial agreement, which contained each party's right of first refusal to purchase the other party's portion of jointly-acquired property. This section provides that:

> In the event the parties hereto later jointly acquire residential property of any kind by deed to both spouses, and thereafter there is a dissolution of the marriage or in the event of the prospective sale of such residence, each party hereto shall have the right-of-first-refusal to purchase such portion of such residential property owned by the other party at the then current fair market price. If a dispute arises as to the then current fair market price, the parties shall agree upon a qualified real estate appraiser (who may be a mutually agreeable real estate broker) who shall determine the current fair market price. Either party shall have the option to buy or sell at the determined fair market price. The buyout shall be an all cash transaction consummated within ninety (90)

calendar days after the purchase transaction has been agreed upon. If both parties wish to buy, then the buyer shall be the party hereto who is the highest bidder.

{¶38} The trial court did not ignore this provision in denying Jones's motion to approve the buyout transaction. Jones's transaction statement included various incidental amounts that impacted the ultimate amount of money that one party would owe the other, including residence expenses and repair costs that had been incurred. These additional deductions from the purchase price were not part of the buyout provision, and the court was free to disregard the "offer" made by Jones. The clear language of the buyout provision required Jones to buy out Morgan at the current fair market price, without any adjustments that he later purported to add to the equation. Following our review of the record, we cannot find that the trial court erred in declining to approve the buyout transaction and in determining that a buyout offer that resulted in Morgan owing Jones approximately $46,000, while simultaneously surrendering her share of the residence, was not made in good faith.

{¶39} The third assignment of error is overruled, and the judgment of the trial court is accordingly affirmed.

*Judgment affirmed in part and appeal dismissed in part.*

**CROUSE** and **WINKLER, JJ,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.