[Cite as *S.W. Ohio Regional Transit Auth. v. Sweeten*, 2024-Ohio-1383.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


SOUTHWEST OHIO REGIONAL      :         APPEAL NO. C-230365
TRANSIT AUTHORITY,               TRIAL NO. 22CV-25070

                              :

    Plaintiff-Appellee,             *O P I N I O N.*

                              :

    vs.

                              :

CHAMIAKKA SWEETEN,

    Defendant-Appellant.       :


Civil Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: April 12, 2024


*McCaslin, Imbus, & McCaslin, L.P.A.,* and *Michael P. Cussen*, for Plaintiff-Appellee,

*Chamiakka Sweeten*, pro se.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Chamiakka Sweeten appeals from the trial court's judgment against her on plaintiff-appellee Southwest Ohio Regional Transit Authority's ("SORTA") claim for damages from an accident between its bus and Sweeten. In her sole assignment of error, Sweeten argues that the trial court erred by failing to view all known evidence. Specifically, Sweeten contends there was additional video footage of the accident that SORTA did not produce. Because discovery is limited in small claims cases and because it was clear from the video footage that SORTA did produce that Sweeten caused the accident, we overrule Sweeten's assignment of error and affirm the judgment of the trial court.

### *Factual and Procedural Background*

{¶2} On June 22, 2022, Sweeten's car collided with SORTA's bus as she turned right from 8th Street onto Linn Street. SORTA filed a small claims complaint against Sweeten on December 7, 2022. A bench trial was initially scheduled for March 3, 2023. The case was continued at Sweeten's request until April 7, 2023. Sweeten did not appear for trial on April 7, 2023, and SORTA presented its case, including video footage of the accident and a traffic crash report.

{¶3} In the video footage, SORTA's bus can be seen crossing the intersection of 8th Street and Linn Street before Sweeten turns right onto Linn Street. Sweeten's car collides with SORTA's bus after she turns right. The traffic crash report also confirmed that Sweeten's car failed to yield to SORTA's bus while making a right turn. Further, the traffic crash report noted that weather conditions were clear and the road was dry on the day of the accident.

{**¶4**}    The magistrate granted judgment in favor of SORTA, in Sweeten's absence.  Sweeten moved for a new trial.  In her motion, she explained that she failed to appear for trial due to scheduling constraints.  She further argued that she was already in the right lane when SORTA's bus crashed into her.  Sweeten's motion for a new trial was denied.  She filed objections to the magistrate's decision and made several unsupported arguments, including that SORTA had not provided all of the video footage from the accident, that she was injured in the accident, and that the magistrate discriminated against her based on race.  The trial court overruled Sweeten's objections to the magistrate's decision and adopted it.

{**¶5**}    Sweeten now appeals.

### Civ.R. 59

{**¶6**}    In her notice of appeal, Sweeten asserted that she was appealing from the trial court's June 5, 2023 judicial entry, which adopted the magistrate's decision granting judgment for SORTA and denied Sweeten's motion for a new trial.  We first consider the trial court's denial of Sweeten's motion for a new trial.

{**¶7**}    Sweeten moved for a new trial on the basis that the trial court issued an unjust decision when it entered judgment in favor of SORTA in her absence.  She further explained that she failed to appear for trial, because she arrived late and could not find parking.  Sweeten did not tie her reasons for requesting a new trial to any of the grounds listed in Civ.R. 59(A).  But in construing Sweeten's motion liberally given she is a pro se litigant, *see Univ. of Akron v. Jones*, 9th Dist. Summit No. 26650, 2013-Ohio-4999, ¶ 4, it appears that she was attempting to move for a new trial under Civ.R. 59(A)(1).  Under Civ.R. 59(A)(1), a new trial may be granted on the basis of "[i]rregularity in the proceedings of the court, jury, magistrate, or prevailing party, or

3

an order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial." We review the trial court's denial of a motion for a new trial under Civ.R. 59(A)(1) for an abuse of discretion. *Morgan v. Jones*, 1st Dist. Hamilton No. C-210408, 2022-Ohio-1831, ¶ 27. "An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision." *Id.*

{¶8} Here, the magistrate had already continued the trial at Sweeten's request once before. When Sweeten failed to appear on the date the matter was reset for trial, the magistrate was under no obligation to continue the case again. Though pro se litigants are granted reasonable leeway, they are "not given greater rights than represented parties, and must bear the consequences of [their] mistakes." *Univ. of Akron* at ¶ 4. We therefore hold that the trial court did not abuse its discretion in denying Sweeten's motion for a new trial.

### *The Trial Court Failed to View All Known Evidence*

{¶9} We next consider Sweeten's sole assignment of error. She argues that the trial court failed to view all known evidence. She contends that there were traffic and vehicle cameras in operation at the time of the accident that could have confirmed who was at fault, but such footage was not produced.

{¶10} Small claims court proceedings are reviewed for an abuse of discretion. *Kevin Eye v. Sal's Heating & Cooling, Inc.*, 8th Dist. Cuyahoga No. 109212, 2020-Ohio-6737, ¶ 22; *Weltin v. Collins*, 6th Dist. Sandusky No. S-19-019, 2020-Ohio-296, ¶ 13; *Greenwood v. Quality Motor Cars by Butch Miller*, 7th Dist. Belmont No. 15 BE 0003, 2016-Ohio-8172, ¶ 12; *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶ 35; *Larko v. Dearing*, 11th Dist. Ashtabula No. 2013-A-0007, 2013-Ohio-4304, ¶ 22.

{¶11} "The small claims court is designed to provide a speedy, low cost alternative to parties with noncomplex disputes." *Greenwood* at ¶ 13. "Discovery in small claims court is not a matter of right and it is not governed by the same formal rules that apply to common pleas court." *Video Discovery, Inc. v. Passov*, 8th Dist. Cuyahoga No. 86445, 2006-Ohio-1070, ¶ 23. Further, "[d]efault judgment may be entered against a defendant who fails to appear at a hearing." *Tennant* at ¶ 36.

{¶12} Given that discovery is limited in small claims cases, SORTA was not obligated to produce additional video footage, especially when Sweeten cannot explain exactly what footage was missing. And based on the footage that was presented at trial, it was clear that Sweeten caused the accident. Contrary to what Sweeten alleged in her objections to the magistrate's decision, she had not turned onto Linn Street before SORTA's bus crossed the intersection. The footage showed that Sweeten turned right after the bus had already proceeded through the intersection and was in front of her turn lane, resulting in her hitting SORTA's bus on the right side. The video also shows several cars heading in the same direction as Sweeten—before she turned—that were waiting at the red light and several cars behind the bus that were proceeding through the intersection after the bus, indicating that Sweeten's traffic light was red and the bus's light was green. The traffic report also confirmed this course of events.

{¶13} Accordingly, the trial court did err in entering a judgment in favor of SORTA. We overrule Sweeten's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.