# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TASHA GIPSON, | : | APPEAL NO. C-240363<br>TRIAL NO. A-2302862 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| MERCY HEALTH SYSTEM OF SOUTHWEST OHIO, | : | *JUDGMENT ENTRY* |
| | : | |
| Defendant-Appellee, | : | |
| and | : | |
| JOHN LOGUE, ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION | : | |
| Defendant. | : | |
| | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 6/25/2025 per order of the court.**

By:_____
      **Administrative Judge**

[Cite as *Gipson v. Mercy Health Sys. of S.W. Ohio*, 2025-Ohio-2208.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| TASHA L. GIPSON, | : | APPEAL NO. C-240363 |
| | | TRIAL NO. A-2302862 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| MERCY HEALTH SYSTEM OF SOUTHWEST OHIO, | : | |
| | : | |
| Defendant-Appellee, | | |
| | : | |
| and | | |
| JOHN LOGUE, ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION, | | |
| Defendant. | | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 25, 2025


*Plevin & Gallucci, LLC* and *Shawn M. Wollam*, for Plaintiff-Appellant,

*Reidenbach Law Group, LLC*, and *Michael Moskowitz*, for Defendant-Appellee.

**NESTOR, Judge.**

**{¶1}** After plaintiff-appellant Tasha L. Gipson alleged that she caught COVID-19 (and subsequently post-acute COVID-19 syndrome) while working at defendant-appellee Mercy Health System of Southwest Ohio ("Mercy Health"), she brought a workers'-compensation claim against it. Because Gipson failed to timely present an affidavit from her expert supporting her claim, the trial court granted both Mercy Health's motion to strike the affidavit and its motion for summary judgment. We conclude that it was not an abuse of discretion to hold a party to an agreed court scheduling order and overrule Gipson's two related assignments of error.

## I.     *Factual and Procedural History*

**{¶2}** Mercy Health previously employed Gipson as an emergency room nurse during the height of the COVID-19 pandemic. Around September 23, 2020, she began experiencing sinus symptoms, which grew worse and manifested into dizziness, heart palpitations, chest pain, and difficulty breathing. These symptoms continued through October 2023, when she eventually collapsed while struggling to breathe on the job. Gipson then sought treatment through employee health and saw multiple specialists before ultimately being placed on oxygen, which she continues to use. Because of her condition, she is also presently on social security disability. Based on her symptoms, Gipson believes she contracted COVID-19, and later developed post-acute COVID syndrome, during her employment with Mercy Health in 2020.

**{¶3}** During her employment at Mercy Health, Gipson underwent several diagnostic tests for COVID-19. The first three tests, in May 2020, October 2020, and February 2021, were all negative. In March 2022, she received a positive test.

**{¶4}** Mercy Health's expert, Steven Burdette, M.D., previously saw thousands of COVID-19 patients in both acute and post-acute settings. He also had

previously written protocols for diagnosis, isolation, and treatment of COVID patients. After reviewing Gipson's medical records (her diagnostic tests), he opined to a reasonable degree of medical probability that she did not contract COVID-19 in or about the period of her employment with Mercy Health and therefore did not develop post-acute COVID syndrome related to her employment at Mercy.

**{¶5}** He explained that Gipson's positive COVID-19 test in March 2022 simply demonstrated that her body could produce antibodies, which remain in a person's system for at least a year after contracting the disease and therefore supported the validity of her prior negative tests. He also opined that the positive test confirmed that she had COVID-19 at some point between her last negative test in February 2021 and the positive test in March 2022.

**{¶6}** Relying on Dr. Burdette's affidavit, Mercy Health filed a motion for summary judgment alleging that Gipson did not contract COVID or post-acute COVID syndrome in the course of or arising out of her employment as a nurse. The case management order provided that Gipson had until May 6, 2024, to file a response to the motion for summary judgment. On May 2, 2024, Gipson filed a motion for an extension of time to respond to the motion for summary judgment, which went unopposed by Mercy Health. The trial court granted this motion and extended Gipson's time to respond until her requested deadline of May 15, 2024. Gipson also claims that the trial judge stated she would accept a response by the end of the same week, i.e., May 17, 2024, however there is no direct evidence in the record to support the May 17 date as a deadline.

**{¶7}** On May 14, 2024, Gipson's counsel received a call directly from Dr. Friedberg, a treating physician who had not been previously identified as a witness or expert. On the call, Dr. Friedberg explained that he had submitted his written

4

materials to Ohio State's legal department and could not release them to Gipson until allowed to do so. Since this was one day shy of the *new* response deadline, Gipson's counsel filed a second motion to extend the response time, trying to explain to the court the new delay. Counsel also attached a MyChart notification from the same day to the motion as proof of the delay by Ohio State.

**{¶8}** Mercy Health opposed this motion, arguing that the matter had been ongoing for almost four years and that Gipson had more than a reasonable amount of time to obtain an affidavit from an expert supporting her claim. Moreover, it pointed out that Gipson listed over 20 medical providers that saw her for COVID-19, but that she wanted an extension to obtain an affidavit from a new provider. Ultimately, the trial court sided with Mercy Health and denied Gipson's request for a second extension, leaving just one day for her to obtain an affidavit from Dr. Friedberg.

**{¶9}** On May 17, 2024, two days after the deadline, Gipson filed a response to Mercy Health's motion for summary judgment, along with a brief in opposition and an affidavit from Dr. Friedberg supporting her claim. Mercy Health filed a memorandum in rebuttal, which included a motion to strike the affidavit from Dr. Friedberg for being untimely.

**{¶10}** The parties appeared for oral arguments on Mercy Health's motion for summary judgment on May 30, 2024. After hearing arguments, the trial court granted Mercy Health's motion to strike and stated,

> So this is hard for me. . . . I like having cases heard on the merits because people should have their day in court, but there are also rules that [Gipson] [has] to follow [a]nd they apply to everybody. . . . [I]n this case [] there was a filing of the case. I guess [Gipson] didn't have the medical records when [she] went to the workers' comp hearing at the Industrial

5

Commission. Appealed it to court. Didn't have a doctor then. 41(a)'d it. Re-filed it timely. Fine. Still no doctor. . . . Pick dates for your discovery cutoff, expert witness reports cutoff. Those all come and go. Nothing. File summary judgment. Still nothing. Ask for an extension to respond to summary judgment . . . . Granted. Cutoff date, which is the date [Gipson] actually asked for in [her] motion, [May 15]. Give you that and you still don't get it done. Two days. Yeah, it seems heartless. . . . Well, it's not really two days. It's like almost four years.

**{¶11}** Frustrated with the court's decision, Gipson now appeals, asserting two assignments of error, claiming that the trial court abused its discretion by striking Dr. Friedberg's affidavit and erred in granting Mercy Health's motion for summary judgment. However, because the trial court did not abuse its discretion, we overrule both assignments of error and affirm the court's judgment.

## II. Analysis

### A. First Assignment of Error

**{¶12}** In her first assignment of error, Gipson asserts that the trial court committed reversible error when it struck Dr. Friedberg's affidavit supporting her claim. We review "a trial court's ruling on a motion to strike for an abuse of discretion." *Riverside Drive Ents., LLC v. Geotechnology, Inc.*, 2023-Ohio-583, ¶ 11 (1st Dist.), citing *Beattie v. McCoy*, 2018-Ohio-2535, ¶ 25 (1st Dist.), citing *Siegel v. Lifecenter Organ Donor Network*, 2011-Ohio-6031, ¶ 43 (1st Dist.). An abuse of discretion occurs when "a court exercise[s] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. An abuse of discretion is "more than a mere error of judgment; rather, 'it implies that the court's attitude is arbitrary, unreasonable, or

6

unconscionable.'" *Hayes v. Durrani*, 2021-Ohio-725, ¶ 8 (1st Dist.), quoting *Boolchand v. Boolchand*, 2020-Ohio-6951, ¶ 9 (1st Dist.). Abuse of discretion is a deferential standard of review, which does not allow appellate courts to substitute their judgment for that of the trial court. *State v. Pittman*, 2023-Ohio-1990, ¶ 10 (1st Dist.), citing *State v. Morris*, 2012-Ohio-2407, ¶ 14.

**{¶13}** It is important to note that Civ.R. 26(B)(7) provides the guidelines for the disclosure of expert testimony. Under Civ.R. 26(B)(7)(b), parties must disclose the reports of expert witnesses in accordance with the time schedule established by the court. In this case, the case management order required disclosure of experts by January 8, 2024. All discovery and motions for summary judgment were to be completed by March 8, 2024. Dr. Friedberg was not disclosed as an expert. And it is apparent from the record that he did not treat Gipson until March 6, 2024.

**{¶14}** Without citing to caselaw to support the assertion, Gipson argues that the trial court failed to exercise "reasonable judicial discretion" and allow her to proceed on the merits of her claim. She argues that because counsel "went to lengths" to secure the affidavit from Dr. Friedberg, the court allegedly verbally assured she would have until May 17, 2024, to file the affidavit, and the trial court stated on the record that it preferred to have cases heard on the merits, the trial court should have granted her second motion for an extension.

**{¶15}** Further, Gipson argues that Dr. Friedberg was free to testify as to the matters addressed in his consult report without submitting a written report disclosing his opinions under Civ.R. 26(B)(7)(c). She also attempts to argue that this case is distinguishable from *Riverside Drive* because healthcare providers are exempt from providing written reports under Civ.R. 26(B)(7)(d), which was not at issue in that case. Here, she needed to provide an affidavit supporting her claim in response to Mercy

7

Health's motion for summary judgment, and she failed to timely do so. The focus of this case is not on the method by which Dr. Friedberg offered his opinion, but rather on *timely* presenting evidence contrary to the affidavit provided by Mercy Health supporting its motion.

{¶16} While the result here is not favorable to Gipson and certainly not the "nicest" outcome given the circumstances, there was no abuse of discretion. As the trial court acknowledged, this case is unfortunate because Gipson missed the deadline to bring the supporting affidavit "by a nose." However, "very close" to meeting a deadline is not the same as meeting it.

{¶17} This litigation lasted approximately four years. After the case management order, a Civ.R. 41(a) dismissal, a refiling, discovery deadlines, and an extension to the exact date requested by Gipson, she was unable to timely provide an affidavit in response to Mercy Health's motion. We find no caselaw supporting the proposition that a court enforcing an agreed upon deadline is an abuse of discretion. Thus, the court did not abuse its discretion in striking the affidavit and subsequently granting the motion for summary judgment.

{¶18} Accordingly, we overrule Gipson's first assignment of error.

### B. Second Assignment of Error

{¶19} In her second assignment of error, Gipson contends that the trial court committed reversible error when it granted Mercy Health's motion for summary judgment. "'When reviewing the decision of a trial court granting or denying a party's motion for summary judgment, an appellate court applies a de novo standard of review.'" *Wilson v. CSX Transp., Inc.*, 2025-Ohio-819, ¶ 20 (1st Dist.), quoting *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30, citing *A.J.R. v. Lute*, 2020-Ohio-5168, ¶ 15. A trial court "may award summary judgment to a moving party who can show (1) 'that

there is no genuine issue as to any material fact,' (2) 'that the moving party is entitled to judgment as a matter of law,' and (3) that 'it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to' the nonmoving party." *Id.*, quoting Civ.R. 56(C).

**{¶20}** To determine whether these criteria are met, courts employ a burden-shifting framework. *Id.* at ¶ 21. "First, the moving party must 'inform[] the trial court of the basis for the party's motion and identify[] those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim.'" *Id.*, quoting *Midland Credit Mgt., Inc. v. Naber*, 2024-Ohio-1028, ¶ 6 (1st Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party has met its burden, "the burden shifts to the nonmoving party to identify 'specific facts showing that there is a genuine issue for trial,' Civ.R. 56(C), which must be based on more than 'unsupported allegations or the pleadings.'" *Id.*, quoting *Smathers* at ¶ 31, citing *Lute* at ¶ 26. Importantly, a court may grant summary judgment *only* if the second prong of the framework is not met. *Id.*

**{¶21}** In Ohio, to bring a workers'-compensation claim for an occupational disease contracted in the course of and arising out of her employment, Gipson must satisfy a three-part test. In order to prevail, she had to prove that "(1) the disease [wa]s contracted in the course of employment; (2) the disease [wa]s peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment create[d] a risk of contracting the disease in a greater degree and in a different manner than in the public generally." *State ex rel. Ohio Bell Tel. Co. v. Krise*, 42 Ohio St.2d 247, 253-254 (1975).

**{¶22}** Here, Gipson failed to meet the first element of the test. While she argues that Dr. Friedberg's affidavit provided ample evidence that she contracted COVID-19 in the course of her employment, because it was stricken as untimely, it is as if she did not provide it at all. She fails to cite any other evidence that demonstrates that a genuine dispute of material fact exists as to whether she contracted COVID-19 in the course of her employment with Mercy Health. Without such evidence, she cannot prevail on her claim. Thus, there can be only one conclusion, that the trial court's grant of summary judgment in favor of Mercy Health was proper.

**{¶23}** Accordingly, we overrule her second assignment of error.

### III.    Conclusion

**{¶24}** Based on the foregoing, we overrule both assignments of error and affirm the trial court's judgment.

Judgment affirmed.

Zayas, P.J., and Crouse, J., concur.