# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| HANS GILBERT, | : | APPEAL NO. C-250090 |
|  |  | TRIAL NO. A-2300731 |
| and | : |  |
| SARAH KOVACS, | : |  |
| Plaintiffs-Appellants, | : | *JUDGMENT ENTRY* |
| vs. | : |  |
| JASON P. WELTER, D.O., | : |  |
| TOSI OHIO VALLEY ORTHOPEDICS AND SPORTS MEDICINE, | : |  |
| TRIHEALTH ORTHOPEDIC AND SPINE INSTITUTE, | : |  |
| and | : |  |
| TRIHEALTH BETHESDA NORTH HOSPITAL, | : |  |
| Defendants-Appellees. | : |  |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

# OHIO FIRST DISTRICT COURT OF APPEALS

**To the clerk:**

**Enter upon the journal of the court on 10/24/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Gilbert v. Welter*, 2025-Ohio-4887.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


HANS GILBERT,                        :        APPEAL NO.  C-250090
                                              TRIAL NO.   A-2300731
   and                               :

SARAH KOVACS,                        :

    Plaintiffs-Appellants,        :                *O P I N I O N*

   vs.                               :

JASON P. WELTER, D.O.,               :

TOSI OHIO VALLEY ORTHOPEDICS         :
AND SPORTS MEDICINE,

TRIHEALTH ORTHOPEDIC AND             :
SPINE INSTITUTE,
                                     :
   and

TRIHEALTH BETHESDA NORTH             :
HOSPITAL,
                                     :
    Defendants-Appellees.         :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 24, 2025


*F. Harrison Green Co., LPA*, and *F. Harrison Green,* for Plaintiffs-Appellants,

*Rendigs, Fry, Kiely & Dennis LLP, Brian D. Goldwasser* and *Gunner K. Walker*, for Defendants-Appellees.

**CROUSE, Judge.**

**{¶1}** The law is well-settled that a witness must be sworn in before offering testimony. But what are the legal implications of a trial court's failure to timely swear in a witness or administer the required oath, and what obligations does a party have to object to the trial court's failure to do so? This appeal, following a jury verdict for the defense in a medical-malpractice action, puts these questions squarely before us.

**{¶2}** In the proceedings below, the trial court failed to swear in an expert witness for the defense who testified via Zoom. At some point after the witness's testimony concluded, counsel for plaintiffs-appellants Hans Gilbert and Sarah Kovacs (collectively referred to as "plaintiffs") notified the trial court that the witness had not been sworn. The witness was then contacted by telephone, and a belated oath was administered. Plaintiffs unsuccessfully moved to strike the witness's testimony. After the jury returned a defense verdict, the plaintiffs filed a Civ.R. 59 motion for a new trial based on the trial court's failure to swear in the witness prior to his testimony. The trial court denied that motion.

**{¶3}** In this appeal, plaintiffs raise two assignments of error for our review. In their first assignment of error, they argue that the trial court erred in allowing the jury to consider witness testimony given before the witness was sworn and in denying their motion to strike. In the second assignment of error, plaintiffs challenge the trial court's denial of their motion for a new trial. We find both assignments of error to be without merit and affirm the trial court's judgment.

## I. Factual and Procedural History

**{¶4}** Plaintiffs filed a medical-malpractice complaint against defendants-appellees Jason Welter, D.O., TOSI Ohio Valley Orthopedics and Sports Medicine

("TOSI"),[1] TriHealth Orthopedic and Spine Institute ("TriHealth"), and Bethesda Hospital, Inc. ("Bethesda").[2] We collectively refer to these entities as "defendants." A jury trial was held on the plaintiffs' claims.

{¶5} Other than a brief excerpt, a transcript of the trial was not made a part of the record on appeal. The provided transcript only contains the testimony offered by one witness, defense expert Dr. Suhail Mithani, who testified via Zoom. The trial court did not swear in or administer an oath to Dr. Mithani before he testified.

{¶6} We are able to discern from the record and the transcript that we were provided that, at some point after Dr. Mithani's testimony concluded, plaintiffs' counsel alerted the trial court to the fact that this witness had not been sworn. This notification occurred at a side bar and was not recorded by the court reporter.

{¶7} In addition to Dr. Mithani's testimony, the transcript also contains the trial court's attempt to remedy its failure to swear in Dr. Mithani. The transcript establishes that Dr. Mithani was contacted by telephone, and the required oath was administered belatedly. Dr. Mithani swore that the testimony he had previously given "was the truth, the whole truth, and nothing but the truth." This occurred outside of the presence of the jury. The following exchange then occurred between the trial court and plaintiffs' counsel:

> THE COURT: Are you satisfied, [counsel]? [Counsel], are you satisfied?
>
> COUNSEL: Yes, Your Honor.

---

[1] We follow the spelling of this party's name as entered by the clerk of courts, which mirrored the spelling in the complaint. However, TOSI, when spelling its own name, does not include an "S" on the word "Orthopedic."

[2] The complaint erroneously identified this party as TriHealth Bethesda North Hospital. It also named "Beacon Ortha and Sports Medicine" as a defendant, but the claims against this entity were dismissed prior to trial.

THE COURT: I understand the Court of Appeals has approved that kind of a measure in order to make sure the witness is duly sworn, but if you want to make your motion for the record, if you want to state an objection to having the oath administered after the fact, you're free to make that record, [counsel]. Okay?

COUNSEL: We would note that previously we made a motion to strike the testimony of Dr. Mithani –

THE COURT: Well, you –

COUNSEL: — by reason of failure to be sworn at the appropriate time.

THE COURT: Well, let's be clear. You didn't make the motion at the time. You didn't make a motion after the doctor testified. You made the motion off the record at a sidebar that you requested after Dr. Spitler testified. And I appreciate you bringing it to the Court's attention, but that's not a motion to strike. So if you want to make your motion to strike now, and if you want to state your objection, you have every right to make the record you need to make of that, [counsel]. Do you want to make a record of it?

COUNSEL: I'm making a record that we have moved to strike the testimony of Dr. Mithani, that he was not sworn at the time of his testimony in this case.

THE COURT: The motion is noted. The motion is overruled. Dr. Mithani has been sworn in and sworn under oath that the testimony that he gave was true and correct.

{¶8} The jury ultimately returned a verdict in favor of the defendants.

6

Plaintiffs subsequently filed a Civ.R. 59(A) motion to set aside the jury verdict. They argued that a jury verdict based on unsworn testimony is contrary to law, and that the trial court erred in allowing Dr. Mithani to testify without administering an oath to him before he testified.

{¶9} Defendants opposed plaintiffs' motion, contending that plaintiffs waived any alleged error when they did not raise the matter at the time that the witness testified or immediately thereafter. Defendants additionally argued that the trial court rectified the matter to plaintiffs' satisfaction through a later administration of an oath.

{¶10} The trial court denied the motion to set aside the verdict. It found that any error that may have resulted from its failure to administer the oath was corrected when an oath was belatedly administered to the witness, and it noted that plaintiffs' counsel agreed that this remedy was satisfactory. The court further found that the objection to the court's failure to administer the oath was untimely and was waived.

{¶11} Plaintiffs now appeal.

## II. Belated Administration of Oath

{¶12} In their first assignment of error, plaintiffs argue that the trial court erred when it permitted the jury to consider the expert testimony from Dr. Mithani that was presented without the witness first being placed under oath. They contend that Dr. Mithani's testimony was presented in violation of Evid.R. 603, R.C. 2317.30, and Section 7, Article 1 of the Ohio Constitution.

{¶13} Plaintiffs are correct in their assertion that Evid.R. 603, R.C. 2317.30, and Section 7, Article 1 of the Ohio Constitution require the trial court to administer an oath or affirmation to a witness before a witness testifies. *State v. Norman*, 137 Ohio App.3d 184, 198 (1st Dist. 1999).

{¶14} Evid.R. 603 provides, "Before testifying, every witness shall be required

7

to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." R.C. 2317.30 similarly states that "[b]efore testifying, a witness shall be sworn to testify the truth, the whole truth, and nothing but the truth."

**{¶15}** Section 7, Article 1 of the Ohio Constitution provides, in relevant part, "nor shall any person be incompetent to be a witness on account of his religious belief; but nothing herein shall be construed to dispense with oaths and affirmations." This section has been construed to "require[] an oath or affirmation as a prerequisite to the testimony of a witness." *Allstate Ins. Co. v. Rule*, 64 Ohio St.2d 67, 69 (1980).

**{¶16}** It is undisputed in this case that the trial court did not administer the required oath to Dr. Mithani before he testified. "Ordinarily, it is reversible error for a court to refuse to have a witness sworn and then rely upon that witness's unsworn testimony in resolving the dispute." *In re G.W.*, 2020-Ohio-3355, ¶ 21 (1st Dist.).

**{¶17}** However, "the mere failure to have a witness sworn is error that may be waived, and thus, unsworn testimony is competent evidence where the opposing counsel neither requests that the witness be sworn nor makes a timely objection to the testimony." *Id.*; s*ee Stores Realty Co. v. Clevland Bd. of Bldg. Stds. & Bldg. Appeals*, 41 Ohio St.2d 41, 43 (1975) (holding that "a party may not, upon appeal, raise a claim that the oath of a witness was omitted or defective, unless objection thereto was raised at trial," and, "[i]f no objection was raised, the error is considered to be waived"). Plainly stated, where a timely objection is not made, any error is waived. *In re G.W.* at ¶ 21; *Edelstein v. Edelstein*, 2025-Ohio-1514, ¶ 54 (1st Dist.).

**{¶18}** Requiring a timely objection allows the trial court to avoid or correct its error, because, as we have recognized, the failure to administer an oath can easily be corrected when brought to the trial court's attention. *Scott v. Wells*, 2022-Ohio-471, ¶

14 (1st Dist.). Accordingly, "an attorney may not fail to object and then cite the lack of an oath as error. If that were possible, the remainder of the trial would be a 'free play.'" *Norman*, 137 Ohio App.3d at 198.

**{¶19}** We must therefore determine if the plaintiffs timely objected to the trial court's failure to swear in Dr. Mithani. An objection will be considered timely when it is brought to the trial court's attention at a time that the error may be corrected. *Edelstein* at ¶ 54; *see Norman* at 198. This court has previously recognized that an objection raised for the first time in closing arguments was untimely. *Edelstein* at ¶ 54; *see also State ex rel. Holwadel v. Hamilton Cty. Bd. Of Elections*, 2015-Ohio-5306, ¶ 50-51.

**{¶20}** Plaintiffs did not object to the trial court's failure to swear in Dr. Mithani while he was testifying or immediately thereafter. The record establishes that plaintiffs objected after the testimony of another witness, Dr. Spitler.[3] This was not timely. At the time that the objection was raised, Dr. Mithani had finished testifying and the trial court could not correct the error. We hold that plaintiffs' "failure to timely object ultimately constituted a waiver of deficiencies in the court's oath-administration process." *Edelstein*, 2025-Ohio-1514, at ¶ 57 (1st Dist.).

**{¶21}** Plaintiffs assert a claim of plain error. "An appellate court 'must proceed with the utmost caution' in applying the doctrine of plain error in a civil case." *Risner v. Ohio Dept. of Natural Resources*, 2015-Ohio-3731, ¶ 27, quoting *Goldfuss v. Davidson*, 1997-Ohio-401, ¶ 24. A finding of plain error "should be strictly limited to the extremely rare case involving exceptional circumstances when the error, left

---

[3] Because our record does not contain a transcript of the jury trial, we cannot verify when, in relation to Dr. Mithani, Dr. Spitler's testimony was offered. The parties' appellate briefs indicate that Dr. Spitler was the next witness to testify after Dr. Mithani.

unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." (Cleaned up.) *Id.*

**{¶22}** The absence of a transcript of the entire trial hampers our ability to conduct a plain-error review. Without a transcript, we have no knowledge of what other testimony and evidence was offered, and it is difficult to determine if the jury's consideration of the unsworn testimony impacted the legitimacy of the underlying judicial process. *See id.*

**{¶23}** Nothing in the record indicates that Dr. Mithani would have testified differently had the oath been timely administered. *See In re G.W.,* 2020-Ohio-3355, at ¶ 25 (1st Dist.). In fact, when the oath was administered belatedly, Dr. Mithani averred that the testimony he had previously given "was the truth, the whole truth, and nothing but the truth." Further, the transcript provides no indication that plaintiffs objected to Dr. Mithani's qualifications to testify as an expert. Plaintiffs do not argue that they did not have the opportunity to fully cross-examine Dr. Mithani. *See id.*

**{¶24}** We accordingly hold that, on the record before us, no plain error resulted from the trial court's failure to administer an oath to Dr. Mithani before he testified.

**{¶25}** To the extent that plaintiffs challenge the trial court's denial of their motion to strike the testimony of Dr. Mithani in this assignment of error, we find no abuse of discretion in the trial court's denial of that motion. *See Gipson v. Mercy Health Sys. of S.W. Ohio*, 2025-Ohio-2208, ¶ 12 (1st Dist.) (a trial court's ruling on a motion to strike is reviewed for an abuse of discretion); *see also State v. Riley*, 2019-Ohio-981, ¶ 55 (8th Dist.). "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Garry v. Borger*, 2023-Ohio-

905, ¶ 14 (1st Dist.), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

**{¶26}** Once the error was brought to the court's attention, the court remedied the error to the best of its ability. It called Dr. Mithani on the telephone, administered the oath belatedly, and received assurances from the witness that the testimony previously given was truthful. We cannot find that the trial court's denial of the motion to strike, coupled with an after-the-fact administration of an oath, was unreasonable, arbitrary, or unconscionable, particularly given that the alternative was to recall the witness and have him testify anew.

**{¶27}** The first assignment of error is accordingly overruled.

### III.  Civ.R. 59 Motion

**{¶28}** In their second assignment of error, plaintiffs argue that the trial court erred in denying their Civ.R. 59 motion to set aside the jury verdict and order a new trial.

**{¶29}** Plaintiffs moved to set aside the verdict under both Civ.R. 59(A)(1) and (7). Pursuant to Civ.R. 59(A)(1), a new trial may be granted based upon an "[i]rregularity in the proceedings" that "prevented [the aggrieved party] from having a fair trial." The "irregularity" referenced in Civ.R. 59(A)(1) has been described as "any matter [that] constitutes a departure from the due, orderly and established mode of proceeding therein, where a party, with no fault on his part, has been deprived of some right or benefit otherwise available to him." (Cleaned up.) *Nwafo v. Ugwualor*, 2024-Ohio-189, ¶ 13 (12th Dist.). Pursuant to Civ.R. 59(A)(7), a new trial may be granted when the judgment issued is contrary to law.

**{¶30}** Our review of a trial court's ruling on a Civ.R. 59 motion depends on the grounds upon which the motion is made. *Morgan v. Jones*, 2022-Ohio-1831, ¶ 25 (1st Dist.). A trial court's denial of a motion for a new trial on the ground set forth in Civ.R.

11

59(A)(1) is reviewed for an abuse of discretion. *Id*. at ¶ 27. In contrast, "[w]e review a trial court's ruling on a motion brought under Civ.R. 59(A)(7) de novo." *Berardo v. Felderman-Swearingen*, 2020-Ohio-4271, ¶ 7 (1st Dist.).

**{¶31}** In their appellate brief, plaintiffs do not make separate arguments as to why the trial court erred in denying their motion pursuant to Civ.R. 59(A)(1) and (7). Rather, they generally contend that "[w]hen the trial court allowed the jury to hear and consider expert testimony that was not preceded by an oath, it failed to enforce a mandatory procedural safeguard. This failure weakened the fairness of the proceedings and rendered the resulting verdict unreliable."

**{¶32}** Following our review of the record, we find no abuse of discretion or error in the trial court's denial of the motion for a new trial on the corresponding grounds set forth in Civ.R. 59(A)(1) and (7). While the trial court erred in failing to administer the oath to Dr. Mithani before he testified, no timely objection was made. When the error was later brought to the court's attention, it administered a belated oath to the witness. As previously explained in our resolution of the first assignment of error, plaintiffs had the opportunity to fully cross-examine Dr. Mithani, and the record contains no indication that the witness would have testified differently if the oath had been administered before he testified. In fact, after being administered the oath, the witness stated that his previous testimony was truthful.

**{¶33}** Under these circumstances, the record does not establish that the failure to timely administer the oath to Dr. Mithani deprived the plaintiffs of a fair trial. *See* Civ.R. 59(A)(1). In other words, it did not weaken the fairness of the proceedings and render the resulting verdict unreliable. Nor does the record contain any evidence that the judgment rendered was contrary to law. *See* Civ.R. 59(A)(7).

**{¶34}** Having found no error in the trial court's denial of plaintiffs' Civ.R. 59

motion, we overrule the second assignment of error. The judgment of the trial court is, accordingly, affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.